UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BONITA BRADSHAW,

Plaintiff,

v.

HEMPSTEAD FREE UNION SCHOOLS, *et al.*,

Defendants.

Case No. 2:24-cv-09703-FLA (Ex)

**ORDER TO SHOW CAUSE WHY PLAINTIFF'S COUNSEL SHOULD NOT BE SANCTIONED FOR FAILURE TO COMPLY WITH COURT ORDERS [DKT. 51]**

On July 11, 2025, Plaintiff Bonita Bradshaw ("Plaintiff") and Defendants Hempstead Union Free School District (erroneously sued as "Hempstead Free Union Schools"), Regina Armstrong, Gary Rush, and Rodney Gilmore ("Defendants") filed separate Rule 26(f) Reports (Dkts. 42, 45), in violation of the court's Order Setting Scheduling Conference (Dkt. 32). In their Report, Defendants detailed their unsuccessful efforts to work with Plaintiff to submit a Joint Rule 26(f) Report, and attached copies of the parties' communications. Dkt. 45 at 2–3, 15–21.[1]

---

[1] The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

On July 25, 2025, the court: (1) struck the parties' separately-filed Rule 26(f) Reports; (2) ordered the parties to meet and confer telephonically or in-person by August 1, 2025; (3) set deadlines for the parties to provide opposing counsel with their portions of the Joint Rule 26(f) Report; (4) ordered Plaintiff to file the Joint Rule 26(f) Report by August 20, 2025; (5) ordered Plaintiff to show cause ("OSC") on or before August 1, 2025, why Plaintiff should not be sanctioned for her counsel, Gloria Dredd Haney's ("Haney"), failure and refusal to cooperate with Defendants' counsel in connection with the Joint Rule 26(f) Report; and (6) ordered all attorneys of record for the parties to review carefully the Central District of California's Civility and Professionalism Guidelines ("Civility and Professionalism Guidelines," available at https://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines) and submit, on or before August 1, 2025, declarations signed by all attorneys under penalty of perjury attesting to their careful review.  Dkt. 51 at 4–5. Defendants' counsel filed declarations timely, attesting to their review of the Civility and Professionalism Guidelines.  Dkts. 52 through 56.

On August 4, 2025, Plaintiff filed an untimely response to the OSC, stating her counsel, Haney, "was unable to fulfill the obligation of preparing the Joint Report Due to a combination of (1) the death of three (3) family members, and (2) a life-critical 26(f) transplant surgery for another family member, all occurring almost simultaneously in 2024-2025."  Dkt. 57 at 4 (errors in original).  According to Plaintiff, sanctions are not warranted because "she has diligently prosecuted this action and has acted in good faith at all times relevant," and "specifically intends to comply with the Rule 26(f) obligations."  Id. at 2, 4.[2]

/ / /

---

[2] Attached to the Response are six exhibits, only one of which has any relevance to the OSC.  Id. at 6–17.  The remaining exhibits are communications between counsel and a stipulation from Plaintiff's prior action, Case No. 2:23-cv-01943-FLA (Ex), which the court dismissed without prejudice on September 20, 2023.

That same day, Haney filed a declaration stating she had "diligently prosecuted this appeal and timely sought extensions when necessary," and that, "[d]espite [her] best efforts, [she] was unable to complete [the] Opening Brief by the current due date due to extraordinary and unforeseen circumstances." Dkt. 58 ¶ 2. Haney further stated she had a medical appointment on August 1, 2025, with her treating physician, remained bedridden the following day, and was prescribed medicine on August 3, 2025, "for which I am not familiar but which causes me discomfort and an inability to focus." *Id.* ¶ 4. Haney did not discuss reviewing the Civility and Professionalism Guidelines, and it is unclear whether counsel failed to comply with the July 25, 2025 Order or mistakenly swapped the intended contents of this declaration with that of an unidentified appeal.

On August 20, 2025, Defendants' counsel, Zachary T. Lynch ("Lynch"), filed a declaration attesting to Defendants' attempts to communicate and work with Plaintiff's counsel to submit a Joint Rule 26(f) Report as ordered. Dkt. 59. Despite informing Defendants that she intended to seek an extension of the deadline and Defendants' repeated inquiries about her efforts, Plaintiff did not file a Joint Rule 26(f) Report by August 20, 2025, or request to extend this deadline.

On September 5, 2025, the court held a Scheduling Conference, during which Defendants detailed their efforts to meet, confer, and work with Haney to submit a Joint Rule 26(f) Report. Dkt. 63. Neither Plaintiff nor Haney appeared at the Scheduling Conference. *Id.* Plaintiff and her counsel never filed a Joint Rule 26(f) Report or attempted to explain their failure to file such Report or appear at the September 5, 2025 Scheduling Conference.

Federal courts have inherent power to impose sanctions for attorney misconduct, and such sanctions include an award of attorney's fees for "bad faith" conduct or "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) (noting federal courts have inherent power to levy sanctions for "willful disobedience

of a court order"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (noting district court has the inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); *Cooke v. United States*, 267 U.S. 517, 539 (1925) (observing that a court's inherent powers "derive from the absolute need of a trial judge to maintain order and preserve the dignity of the court"). "Under both *Roadway* and *Chambers* … the district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

Having reviewed and considered Plaintiff's untimely response to the OSC (Dkt. 57), Haney's Declaration (Dkt. 58), and all relevant portions of the record, the court ORDERS Plaintiff's counsel, Haney, to show cause in writing, on or before April 17, 2026, why the court should not impose monetary sanctions against her exceeding $1,000, payable to the court, for her willful failure to comply with court orders.

IT IS SO ORDERED.

Dated: April 10, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge